Argued 1 May, decided 3 May, 1906.
**STATE ex rel. *v.* DUNBAR.**
85 Pac. 337.

JURISDICTION OF EQUITY OVER POLITICAL QUESTIONS.

Equity will not undertake to control public officers in the discharge of political duties unconnected with rights of property.

For instance: An injunction will not issue to restrain the Secretary of State from printing on the ballots for an election the title of a proposed act in certain specified terms, the duty of the Secretary being entirely political and not involving property rights of any kind.

From Marion: WILLIAM GALLOWAY, Judge.

PER CURIAM statement.

This is a suit in the name of the State, on the relation of the Attorney General, against the Secretary of State, for the purpose, in effect, of striking from the ballot title of a proposed amendment to the local option law, to be voted on at the general election to be held on June 4, 1906, the following words: "Giving anti-prohibitionists and prohibitionists equal privileges" —and enjoining said officer from printing upon the ballots any more of the said proposed title than the words, "For amendment to the local option law." The complaint, after alleging certain matters of inducement, contains the following allegations as the gist of the suit:

"That the parties presenting and filing with said defendant the petition for the initiative referring said proposed purported amendment to said local option law to the electors of said State designated the following title to said measure to be printed upon the official ballot to be used at said general election, to wit: 'For amendment to the local option law and giving anti-prohibitionists and prohibitionists equal privileges.'

Fourth. That that part of said title so designated which reads, 'giving anti-prohibitionists and prohibitionists equal privileges,' is not properly, fairly, or legally descriptive of said proposed purported amendment to the local option law, but, instead, is an argument in favor of said purported amendment, and is not at all descriptive of the subject or any of the subject-matter of said proposed bill, and does not describe or refer to anything in said proposed bill contained. That because said title, taken as a whole, is not properly, fairly, or legally descriptive of said proposed purported amendment, but an argument in favor thereof, and a conclusion indorsing the same, it is unfair, unjust, and wholly without warrant of law, and the printing

thereof upon the official ballot would unlawfully influence, mislead, and prejudice the electors at said general election and prevent an intelligent, fair, and true expression at the polls of the will of the people touching said purported amendment, to the great and irreparable injury of the State of Oregon.

Fifth. That said defendant, Hon. F. I. Dunbar, in his official character as Secretary of State, and in discharge of his ministerial duty as such Secretary, is about to furnish to the county clerks of the several counties of the State of Oregon his certified copy of said argumentative, unfair, and unlawful title taken as a whole, to be printed on the official ballot to be used at the ensuing general election to be held on the 4th day of June, 1906, to the prejudice of the electors and to the great and irreparable injury to the state.

Sixth. That plaintiff has no plain, speedy, adequate, and sufficient remedy at law."

The pleader then prays that defendant be restrained from furnishing his certified copy of that portion of the said proposed title embraced in the words, "giving anti-prohibitionists and prohibitionists equal privileges," or any more of said proposed title than the words, "For amendment to the local option law." To this complaint a demurrer was filed on the ground that the court had no jurisdiction of the subject-matter of the suit, and that the complaint did not state facts sufficient to constitute a cause of suit, which demurrer was sustained and a decree entered dismissing the complaint, from which decree this appeal was taken.                                                        AFFIRMED.

For the State there was a brief over the names of *A. M. Crawford,* Attorney General, *C. M. Van Pelt* and *E. C. Bronaugh,* with an oral argument by *Mr. Cyrus Milton Van Pelt.*

For respondent there was a brief and an oral argument by *Mr. Ralph Elmo Moody.*

PER CURIAM. The question involved in this appeal is purely a political one and affects no property or civil rights, and, as stated by Chief Justice FULLER in *Green* v. *Mills,* 69 Fed. 852 (16 C. C. A. 516, 30 L. R. A. 90), "it is well settled that a court of chancery is conversant only with matters of property and the maintenance of civil rights. The court has no jurisdiction in matters of a political nature, nor to interfere with the duties of any department of government, unless under special circum-

stances and when necessary to the protection of the rights of property, nor in matters merely criminal, or merely immoral, which do not affect any right of property": *In re Sawyer,* 124 U. S. 200 (8 Sup. Ct. 482, 31 L. Ed. 402) ; *Luther* v. *Borden,* 48 U. S. (7 How.) 1 (12 L. Ed. 581) ; *Mississippi* v. *Johnson,* 71 U. S. (4 Wall.) 475 (18 L. Ed. 437) ; *Georgia* v. *Stanton,* 73 U. S. (6 Wall.) 50 (18 L. Ed. 721). "Neither the legislature nor the executive department," said Mr. Chief Justice CHASE, in *Mississippi* v. *Johnson,* "can be restrained in its action by the judicial department though the acts of both, when performed, are, in proper cases, subject to its cognizance." This is the well-recognized principle as announced by many of the highest tribunals of our states: *Fletcher* v. *Tuttle,* 151 Ill. 41 (37 N. E. 683, 25 L. R. A. 143, 42 Am. St. Rep. 220) ; *People* v. *Canal Board,* 55 N. Y. 393 ; *Smith* v. *Meyers,* 109 Ind. 1 (9 N. E. 692, 58 Am. Rep. 375) ; *Hardesty* v. *Taft,* 23 Md. 513 (87 Am. Dec. 584) ; *Sheridan* v. *Colvin,* 78 Ill. 237, in which case the court said: "It is elementary law, that the subject of the jurisdiction of the court of chancery is civil property. The court is conversant only with questions of property and the maintenance of civil rights. Injury to property, whether actual or prospective, is the foundation on which the jurisdiction rests. The court has no jurisdiction in matters merely criminal, or merely immoral, which do not affect any right of property. Nor do matters of a political character come within the jurisdiction of the court of chancery. Nor has the court of chancery jurisdiction to interfere with the public duties of any department of the government, except under special circumstances and where necessary for the protection of rights of property." To the same effect is High, Injunctions (4 ed.), §§ 20b, 1326. See, also, *People* v. *Mills,* 30 Colo. 263 (70 Pac. 322) ; *State* v. *Thorson,* 9 S. D. 149 (68 N. W. 202, 33 L. R. A. 582). And this court in the case of *State ex rel.* v. *Lord,* 28 Or. 498 (43 Pac. 471, 31 L. R. A. 473), has followed the same rule.

The court, therefore, having no jurisdiction over the subject-matter involved, the decree of the lower court should be affirmed; and it is so ordered.                        AFFIRMED.